**BAIRD et al. v. ENGLAND et al.**

No. 10560—Opinion Filed March 28, 1922.

(Syllabus.)

1. **Courts—County Courts—Probate Jurisdiction—Exclusiveness—Statute.**

The county court of the county in which application is first made for letters testamentary or of administration in any of the cases above mentioned, shall have jurisdiction coextensive with the state in the settlement of the estate of the decedent and the sale and distribution of his real estate, and excludes the jurisdiction of the county court of every other county. Section 6195, Revised Laws of Oklahoma 1910.

2. **Indians—Conveyance by Full-Blood Heirs Approval by Court—Statutes.**

That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of the said deceased allottee. Section 9 of the act of Congress of May 27, 1908 (ch. 199, 35 Stat. 312).

3. **Same—County Court—Exclusive Jurisdiction.**

Where a full-blood Cherokee Indian died in C. county, that being the county of his residence at and prior to his death, and his estate was being administered on by the county court of C. county, the county court of M. county did not have jurisdiction to approve a deed to a part of his allotment executed by full-blood heirs, and such attempted approval was a nullity.

4. **Same—Action to Set Aside Conveyance —Return of Consideration.**

In an action by full-blood Cherokee Indians to set aside a void conveyance of their lands inherited directly from the original allottee, the restrictions upon which lands were only removed by the death of the allottee under section 9 of the act of Congress of May 27, 1908, it is not necessary for the plaintiffs to plead a formal tender and offer to return the consideration received therefor as a condition precedent to maintaining such action.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by Mary England and another against A. C. Baird and others, to set aside a conveyance and quiet title in plaintiffs to a certain tract of land. Judgment in favor of the plaintiffs, and defendants appeal. Affirmed.

A. W. Fisher, for plaintiffs in error.

H. L. Burris and Harry Seaton, for defendants in error.

MILLER, J. This action was commenced in the district court of Mayes county by Mary England and Ada Hicks, as plaintiffs, against A. C. Baird, M. F. Baird, and S. M. Iund, to recover a certain tract of land located in Mayes county, Okla. There was a trial and judgment decreeing the plaintiffs to be the owners of the land and entitled to the possession and quieting plaintiffs' title against the defendants and each and all of them, and denying the plaintiffs any right to recover for rents and profits. Motions for a new trial were filed by the plaintiffs and the defendants. These motions were all overruled; all parties excepted and gave no-

tice of appeal to the Supreme Court. Defendants perfected this appeal, filed a case-made and petition in error in this court on April 17, 1919, and they will be designated as plaintiffs in error. Thereafter, and on August 18, 1919, the plaintiffs in the court below filed a cross-petition in error. They will be designated as defendants in error.

The defendants in error filed their answer brief to the brief of the plaintiffs in error, but have not discussed any of the questions raised by their cross-petition in error; neither have they cited any authorities in support of their cross-petition in error; therefore this court will assume they have abandoned their cross-petition in error and waived all questions raised therein.

A brief resume of the undisputed facts out of which this action arises as disclosed by the record is as follows:

Josiah Hicks was a duly enrolled full-blood Indian of the Cherokee Tribe, and the land in controversy was a part of his allotment. In August, 1904, he died intestate without issue and leaving as his sole and only heirs at law two sisters, to wit: Mary England (nee Hicks) and Ada Hicks, both full-blood Cherokee Indians and enrolled as such. At the time of his death he was approximately eleven years of age. During all of his life he had lived with his grandfather, Johnson Downing, in what is now Cherokee county, Okla., his mother having died when he was a small baby and his father's death preceding that of his mother.

On August 31, 1904, letters of administration on the estate of Josiah Hicks, deceased, were issued to Andy Dick by the United States Court for the Northern District of the Indian Territory. At the advent of statehood the case of the estate of Josiah Hicks, deceased, was duly transferred to the county court of Cherokee county. Thereafter, and on or about August 7, 1908, the defendants in error signed a petition which was filed in the county court of Mayes county, asking for the approval of a deed to convey the land in controversy in this action to W. J. Whitaker, and the county court of Mayes county made an order approving the deed. Whitaker thereafter conveyed the land to the above named plaintiffs in error. At the commencement of the trial of the case in the lower court, Whitaker asked and was granted permission to be made a party defendant in this action. He immediately filed an answer adopting the answer of his codefendants, and in addition thereto asked that he recover the amount of the purchase price paid Mary England and Ada Hicks for the land in controversy, and that

this be decreed to be a first lien upon the land.

The plaintiffs in error set out seven specific assignments of error in their petition in error, but in their brief they only argue the fifth and sixth assignments; therefore we will assume the others have been waived. The assignments of error presented are as follows:

"Fifth. The said court erred in rendering judgment canceling said deeds.

"Sixth. The said court erred in overruling motion of defendants for a new trial."

In their brief plaintiffs in error make this statement:

"In the beginning of the argument the plaintiffs in error are aware that the Supreme Court of Oklahoma has decided some of the questions in this case adversely, but under different facts and circumstances."

We agree with the above statement, but the facts and circumstances in this case conclusively preclude the plaintiffs in error from any right to recover. During all of his lifetime Josiah Hicks resided in and died a resident of the particular territory now embraced within Cherokee county. His estate was being administered upon through proceedings in the county court of Cherokee county, and that court had jurisdiction of his estate at and prior to the time the petition for the approval of the deed of the full-blood heirs was filed in the county court of Mayes county.

The county court that first acquires jurisdiction to administer on the estate of a deceased person has jurisdiction to the exclusion of the county court of every other county. Section 6195, Revised Laws of Oklahoma 1910. When the county court of Cherokee county acquired jurisdiction to administer on the estate of Josiah Hicks, deceased, that being the county of his residence at the time of his death, its jurisdiction excluded every other county court from acquiring jurisdiction to administer upon or settle his estate. Parmenter v. Rowe, 87 Okla. —, 200 Pac. 683; Hathaway et al. v. Hoffman et al., 53 Okla. 72, 153 Pac. 184; Welch v. Focht et al., 67 Oklahoma, 171 Pac. 731, L. R. A. 1918D, 1163; State ex rel. Cynthia Monahawee et al. v. Tom Hazelwood, County Judge of Okfuskee County, et al., 81 Okla. 69, 196 Pac. 937.

During the lifetime of Josiah Hicks the land in controversy, being a part of his allotment, was inalienable, but by Act of Congress of May 27, 1908, the death of the allottee removed all restrictions upon the

alienation of his land; provided a conveyance thereof, to be valid, must be approved by the court having jurisdiction of the settlement of his estate. See section 9, act of May 27, 1908 (ch. 199, 35 Stat. 312); Mills' Lands of the Five Civilized Tribes, sec. 797, page 544.

The order made by the county court of Mayes county approving the deed executed by the full-blood heirs was a nullity, because that court was without jurisdiction in the premises.

"A deed by the mother of a minor full-blood Creek Indian, who inherited an allotment of land from her daughter, was of no effect, where approved by the county court of a county of Oklahoma in which the daughter was not a resident when she died; the court not having had jurisdiction." Barnett et al. v. Kunkel et al., 259 Fed. 394.

See Okla. Oil Co. v. Bartlett, 236 Fed. 493; Bartlett v. Okla. Oil Co. et al., 218 Fed. 380; Tiger et al. v. Creek County Court et al., 45 Okla. 701, 146 Pac. 912; Cochran et al. v. Blanck et al., 53 Okla. 317, 156 Pac. 324; Hope v. Foley et al., 57 Okla. 513, 157 Pac. 727; King v. Mitchell, 69 Oklahoma, 171 Pac. 725.

The plaintiff in error next contended that defendants in error should have been required to do equity before they were entitled to a cancellation of the deeds, and a restoration should be made. The two very able and exhaustive opinions of this court by Hardy, J., in McKeever v. Carter et al., 53 Okla. 360, 157 Pac. 56, and Bell v. Fitzpatrick, 53 Okla. 574, 157 Pac 334, are a complete answer to these contentions made by the plaintiffs in error. See, also, Oates v. Freeman, 57 Okla. 449, 157 Pac. 74; Hawkins v. Corbit et al., 83 Okla. 275, 201 Pac. 649.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.