# PRESBURY v. COUNTY COURT OF KAY COUNTY et al.

No. 13490—Opinion Filed Feb. 27, 1923.

(Syllabus.)

**1. Wills—County Where Proved—Statutes.**

Section 6193, Revised Laws 1910, provides in part as follows: "Wills must be proved, and letters testamentary or of administration granted: First. In the county of which the decedent was a resident at the time of his death, in whatever place he may have died."

**2. Same.**

This is the applicable statute in the case at bar, and its plain language is in no way modified or limited or affected by section 1695, Revised Laws 1910.

**3. Same.**

Section 6195, Revised Laws 1910, merely refers and is supplementary to section 6194, the next preceding section of the same act.

**4. Courts—Supreme Court—Showing Necessary to Invoke Original Jurisdiction.**

In all original actions or proceedings instituted in this court, it shall be necessary for the plaintiff or applicant for the writ to state fully, by affidavit, the reasons why the action or proceeding is brought in this court instead of in one of the inferior courts having concurrent jurisdiction.

**5. Prohibition—Denial of Writ—Venue for Probate of Will.**

For the reasons stated, and upon the authority of cases cited in the opinion, the writ of prohibition prayed for is denied and the action dismissed.

Original Application for Writ of Prohibition.

Application by George Guy Presbury for writ of prohibition against the County Court of Kay County et al. Writ denied and action dismissed.

Armstrong & Hill and Leahy, McDonald, Burnette & Files, for relator.

G. A. Chappell, for respondents.

KANE, J. This is an original proceeding for a writ of prohibition commenced in this court by the relator against the county court of Kay county.

The facts necessary for the determination of the question of law presented for consideration may be briefly summarized as follows: George Presbury, deceased, the father of the relator, proved up a claim in Kay county in 1893, and with his family settled thereon as a homestead. He was a farmer by occupation, and lived continuously upon his homestead from the date

of settlement up to a short time prior to his death, which occurred on the 21st day of April, 1922, at Hominy, Osage county, Okla., at the home of his son, George Guy Presbury, the relator in this case.

Besides the farm upon which the decedent resided, he left considerable live stock, farm implements, and other personal property usually accumulated by a thrifty farmer, and several thousand dollars in cash deposited in a bank; all of this property, consisting of his entire estate, being situated in Kay county, where subsequent to his death the decedent was taken for burial.

George Presbury, Sr., prior to his death executed his last will and testament and left it in the care and custody of R. E. Burks of Braman, Kay county, Okla., an officer of the bank where the money was on deposit. A short time prior to the death of George Presbury, Sr., one of his daughters made application to the county court of Kay county for the appointment of a guardian to take charge of his property and estate, the application being based upon the ground that on account of his advanced age and impaired mental and physical health, he was unable to manage his own affairs.

George Presbury, Sr., being sick at the time the petition for guardianship came on to be heard and not able to attend court in Kay county. George Guy Presbury, the relator, entered his appearance and filed a motion to dismiss the application on the ground and for the reason that the said George Presbury was a resident of Osage county, and not a resident of Kay county, and therefore the county court of Kay county had no jurisdiction of the matter. Upon this motion being sustained by the county court of Kay county, an appeal was taken to the district court, where it was found that George Presbury was a resident of Kay county, whereupon the judgment of the county court was reversed, and the cause remanded to the county court of Kay county with instructions to assume jurisdiction and appoint a guardian, which was done, R. E. Burks of Braman, Kay county, the same person having charge of the will, receiving the appointment.

Now, the precise question presented for consideration in this proceeding arises out of the following circumstances: Immediately upon the date of the death of George Presbury, Sr., to wit, the 21st day of April 1, 1922, the relator filed his petition to probate the will of George Presbury, deceased, in the county court of Osage county. Thereafter, on the 25th day of April, 1922, R. E. Burks, who had charge of the will of the deceased and as guardian had charge of the estate, filed his petition for the probate of said will in the county court of Kay county, whereupon Louise Bell Smith, a daughter of the deceased, filed in the same court a petition for letters of administration.

While in the pleadings filed in this court the relator alleges and the respondents deny that George Presbury, Sr., was a resident of Osage county at the time of his death, the issue of fact joined by these pleadings is ignored in argument by counsel for the relator and the case is presented upon the sole theory that, having filed his petition for the probate of the will in Osage county prior to the time the petition for the same purpose was filed in Kay county, this of itself excludes the jurisdiction of the county court of every other county under section 6195, Rev. Laws 1910, which provides as follows:

"The county court of the county in which application is first made for letters testamentary or of administration in any of the cases above mentioned, shall have jurisdiction co-extensive with the state in settlement of the estate of the decedent and the sale and distribution of his real estate and excludes the jurisdiction of the county court of every other county."

We are unable to agree with this view of the law. Section 6193, Revised Laws 1910, provides in part as follows:

"Wills must be proved, and letters testamentary or of administration granted:

"First. In the county of which the decedent was a resident at the time of his death, in whatever place he may have died."

This is the applicable statute in the case at bar, and its plain language is in no way modified or limited or affected by section 6195, supra.

Section 6195, supra, merely refers and is supplementary to section 6194, the next preceding section of the same act, which provides as follows:

"When the estate of the decedent is in more than one county, he having died out of the state, and not having been a resident thereof at the time of his death, or being such nonresident and dying within the state, and not leaving estate in the county where he died, the county court of the

county in which application is first made for letters testamentary or of administration, has exclusive jurisdiction of the settlement of the estate."

Clearly neither of the last numbered sections has any application whatever to cases where the decedent resides within one of the counties of the state at the time of his death. In such cases as provided by section 6193, the will must be proved in the county in which the decedent was a resident at the time of his death, in whatever place he may have died.

Where the decedent is a resident of the state, the court having jurisdiction to probate his will is specifically fixed by this statute in the county court of the county in which the decedent was a resident at the time of his death, and such jurisdiction cannot be shifted about to any other county, near or remote, merely by being diligent in making the first application for the probate of the will in some other county than that of the residence of the decedent. Only one county can have jurisdiction in such cases, and that is the county of which the decedent was a resident at the time of his death. Seifert v. Seifert, 82 Okla. 230, 200 Pac. 243.

Counsel for relator rely upon Baird v. England et al., 85 Okla. 276, 205 Pac. 1098, and State ex rel. Monahawee et al. v. Hazelwood, County Judge, 81 Okla. 69, 196 Pac. 937, as authority for their contention that section 6195, supra, applies in cases like this, where the decedent was a resident of one of the counties of the state at the time of his death. While there may be some dicta in these cases to that effect the decision of the court did not turn upon that point.

Those cases are governed more by Hathaway et al. v. Hoffman et al., 53 Okla. 72, 153 Pac. 184, and other cases of that class holding that where the county court has taken some affirmative action in matters of this kind, having jurisdiction to pass upon the jurisdictional fact of residence, it will be presumed that it did so, where such action is afterwards assailed collaterally.

In such cases, where from the action taken, it will be presumed that the county court first passed on the jurisdictional fact of residence, this court may grant a writ of prohibition in order to avoid the intolerable conflict of authority that is likely to arise out of the situation presented by these particular cases. But in the case at bar, where the relator has merely filed an application for the probate of the will and the jurisdictional fact of residence is still

open to direct assault, and where it appears that counsel is relying upon an inapplicable statute to confer jurisdiction upon the forum of his selection, we see no reason whatever for interfering with the county court of Kay county, where it was found by a court of competent jurisdiction the decedent resided a short time prior to his death.

It is well settled that a residence once established, it will be presumed to continue until the contrary is shown. Jones v. Reser, 61 Okla. 46, 160 Pac. 58; 19 C. J. 427-436.

Moreover, rule 15 of this court (47 Okla. viii) provides in part as follows:

"In all original actions or proceedings instituted in this court, it shall be necessary for the plaintiff or applicant for the writ to state fully, by affidavit, the reasons why the action or proceeding is brought in this court instead of in one of the inferior courts having concurrent jurisdiction."

In Re School Budgets for 1919-1921 for District No. 1, City of Coalgate, 87 Okla. 127, 209 Pac. 325, writ of certiorari was denied and the action dismissed for failure to comply with this rule.

For the reasons stated and upon the authority of this and the other cases cited in the opinion, the writ of prohibition prayed for is denied and the action dismissed.

JOHNSON, V. C. J., and KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.