FOREMAN et al. v. CHAPMAN, Adm'r, et al.

No. 14310—Opinion Filed Sept. 18, 1923.

(Syllabus.)

1. Guardian and Ward — Validity of Appointment —Collateral Attack — Indian Territory Law.

Mansf. Dig. Ark., par. 3462, authorizes the clerk of the probate court to appoint guardians in vacation, subject to the approval of the court. Held, that, though no subsequent confirmation of the appointment was shown, the guardian's authority could not be attacked collaterally, where it appeared that he had rendered his accounts to, and had been recognized by, the probate court as guardian.

2. Same — Validity of Guardian's Sale of Lands.

Where a guardian was appointed in the Southern judicial district of Indian Territory, and after statehood said proceedings were transferred to the county court of Pontotoc county, and said county court ordered the sale of the minor's lands, and the proceedings leading up to it being regular upon its face, the order of the court appointing the guardian is not subject to collateral attack, in an action of ejectment by the minor or their heirs to recover the land, upon the ground that the minor at the time the guardian was appointed was not a resident of the judicial district of the Indian Territory in which the guardian was appointed.

3. Same—Appointment of Guardian—Notice—Validity.

A guardian or curator appointed by the order of the probate court in what was Indian Territory for infant minors, pursuant to Mansfield's Digest, 3477, where the father of said minor entered his voluntary appearance and was appointed guardian and no other facts are disclosed upon the records, are not void because the record fails to disclose no notice was served upon the mother.

4. Guardian and Ward—Sale Proceedings —Irregularities—Collateral Attack.

After a county court obtains jurisdiction of a guardian sale proceeding, all irregularities and defects between the acquirement of jurisdiction and the order of confirmation are cured by the order of confirmation, to the extent that the order of confirmation may not be collaterally attacked on account of such irregularities, but this rule does not extend to jurisdictional matters.

5. Same.

Record examined, and held, the defects complained of amount to irregularities and do not extend to jurisdictional matters.

Error from District Court, Pontotoc County; Thomas P. Holt, Special Judge.

Actions by Susie Foreman, by next friend, Nora Foreman, and Vina Harris against C. L. Chapman, administrator of estate of Virginia Dyer, deceased, and others. Causes consolidated. Judgment for defendants, and plaintiffs bring error. Affirmed.

C. F. Green and L. H. Green, for plaintiffs in error.

Robt. Wimbish and W. C. Duncan, for defendants in error.

McNEILL, J. Susie Foreman, a minor, by her next friend commenced this action to recover possession of certain land in Pontotoc county and for cancellation of certain guardianship proceedings, wherein her guardian sold the land through the county court of Pontotoc county. On the same day Vina Harris filed her action in said court upon two causes of action to recover possession of certain land, and for cancellation of guardianship proceedings wherein the guardian of her deceased son, Claude Foreman, had sold the land of Claude Foreman while he was a minor.

The defendants filed answers and cross-petition, and in the Harris case pleaded the statute of limitations. The causes were consolidated and tried together and one judgment rendered. The court made find-

ings of fact and conclusions of law and found the issues against tthe plaintiffs and quieted title in said defendants.

To reverse said judgment, this proceeding was commenced. For reversal, the plaintiffs present several propositions, most of which are only applicable to the land that belonged to Claude Foreman. It is first contended that Jeff Foreman was never appointed guardian of Claude Foreman; that the proceeding for said appointment consisted of the filing of a petition for appointment, and letters issued by the clerk of the United States District Court of the Southern Judicial District of Indian Territory in vacation; that no order was ever made by the court confirming said appointment. The appointment of the guardian occurred prior to statehood, and section 3462, Mansfield's Digest, was in force and effect, and provides as follows:

"The clerk in probate, either by person or by deputy shall, in vacation, have power to grant letters of guardianship subject to confirmation or rejection of the court."

The trial court found as a fact that on the 21st of December, 1905, Jeff Foreman, the father of Claude Foreman, filed his petition and qualified as such guardian by taking the oath of office and gave the bond, and the letters of guardianship issued to him, and he continued to act as such guardian until Claude Foreman became of age, but the records do not show that this appointment as guardian was subsequently confirmed by the court.

The Supreme Court of Arkansas had the above section of Mansfield"s Digest under consideration in the case of Sumard v. Philips, 18 S. W. 510, wherein the court stated as follows:

"Mansf. Dig. Ark., par. 3462, authorizes the clerk of the probate court to appoint guardians in vacation, subject to the approval of the court. Held, that, though no subsequent confirmation of the appointment was shown, the guardian's authority could not be attacked collaterally, where it appeared that she had rendered her accounts to, and had been recognized by, the probate court as guardian."

By applying the law announced in that case to the facts in the case at bar, the judgment of the trial court is not erroneous, upon the theory presented.

The second proposition presented is stated, in substance, as follows: That at the time of the filing of said petition by Jeff Foreman in the United States District Court of Indian Territory, at Ada, for the appointment of himself as the legal guardian of Claude Foreman, the said Claude Foreman was an actual and permanent resident of the Western district of the Indian Territory, and was not a resident of the Southern judicial district, and for that reason the court never acquired jurisdiction and the guardian proceedings are void.

It is contended by plaintiffs in error that Jeff Foreman and his wife, Vina Foreman Harris, separated, and Vina Harris was awarded the custody of Claude Foreman, and moved near Stigler, Okla., and was a resident of the Western judicial district of Indian Territory and was not a resident of the Southern district at the time Jeff Foreman was appointed guardian. Let us concede this to be the fact. This court has held parol evidence was incompetent to prove that the minor's' residence was in a county other than where the appointment was made, in a collateral attack upon the judgment. See Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184, and cases following the rule announced therein.

It is next contended that no notice was ever given to the mother of Claude Foreman of the appointment of Jeff Foreman. It is contended. the mother, Vina Harris, who is now the plaintiff, having been awarded the custody of Claude Foreman in the divorce proceedings, that the appointment of a guardian without notice to her is void. It must be remembered that at the time of the appointment the laws Mansfield's Digest were applicable, and not the laws of Oklahoma.

Section 3477, Mansfield's Digest, provides for giving of notice where the natural guardian is incompetent. This court had under consideration the section of the statute in the cases of Wortham v. John, 22 Okla. 562, 98 Pac. 347, and Roberts v. Whiteman, 51 Okla. 731, 152 Pac. 378, and held that where a curator was appointed without the voluntary appearance or due notice to the mother of said minor, the father being dead, the said appointment was void. But in the instant case the father was living. The father presented the petition and entered his voluntary appearance and was appointed guardian. Mansfield's Digest provides that the father, when living, is the natural guardian of the minor children, and after his death, the mother. The probate proceedings disclose that the natural guardian entered his voluntary appearance, and was appointed, so the proceedings are not void. It might be, under the facts, that the appointment might have been reversed on appeal, but the separation of the parents is not disclosed from the record,

but, so far as the record discloses, the proceedings are valid and the proper notice was given. .

The sale of the land was made through the county court since statehood, and it is contended that since none of the orders in said cause, including the decree of sale and the order of confirmation, carried the seal of the county court, said orders and decrees were void. Plaintiffs in error rely upon certain cases, among which is the case of Gordon v. Brownwell (Kan.) 59 Pac. 906, holding that an order of sale of district court without the seal of the court was void. The above case has been cited by this court, but never in a case where the question involved was whether an order of sale without the seal of the court was void. The Supreme Court of Kansas, in a later case, Carter v. Hyatt, 91 Pac. 61, stated as follows:

"In such case, if the court having jurisdiction of the subject-matter and the parties confirms the sale, it will be presumed it found that the order of sale was so authenticated; and, if such finding be erroneous, the adjudication is not by reason thereof void, but is only voidable, and is vulnerable to attack only in a direct, and not in a collateral proceeding."

In other words, this is considered an irregularity, and not a jurisdictional defect.

It is next contended that the decree of sale did not properly describe the land to be sold, therefore the court never acquired jurisdiction. This court has held to the contrary in the case of Tucker v. Leonard, 76 Okla. 17, 183 Pac. 907; and held the same an irregularity, and not a jurisdictional defect.

It is next contended that Fletcher Reed, one of the appraisers who appraised the land, was a brother-in-law of F. M. Hatcher, the purchaser, and J. C. Chapman, the other appraiser, was an uncle of the wife of the purchaser, F. M. Hatcher. The trial court found that the purchaser had nothing to do with the appointment of the appraisers, neither was it shown that the guardian had anything to do with the appointment; that the same was made by the county judge and the appraisement was the fair and reasonable value of the land at the time of the appraisement. There is no assignment of error that this finding is clearly against the weight of the evidence. The appraisers were not disqualified under the statute, and the land being appraised at its fair value and the purchase price being reasonable, the question of fraud is eliminated. The most that can be said of

the proceeding might be that the same is irregular, but not void and subject to collateral attack.

It is contended that the name of Foreman as guardian was signed to the return of the sale by Hatcher, the purchaser of the land, Foreman being unable to read or write. The record does not disclose that Hatcher signed the name of Foreman. The record disclosed that Hatcher witnessed the name of Foreman and the return was acknowledged by Foreman and sworn to before F. C. Sims, court clerk. Section 5541, Rev. Laws 1910, reads as follows:

"The term signature includes a mark when the person cannot write, his name being written near it, and the mark being witnessed by a person who writes his own name as a witness, except to an affidavit or deposition, or a paper executed before a judicial officer, in which case the attestation of the officer is sufficient."

It is admitted, if Sims was court clerk, this was sufficient, but it is contended that there was no such thing as county court clerk at the time. The record disclosed the papers were all marked filed by Sims as county court clerk. He at least was a de facto officer. The most that could be said of this objection would be the same was an irregularity, and not a jurisdictional defect.

It is next contended the sale of the land was void because three allotments of the minors were sold together and not separately, and was void under the rule announced in the case of Jackson v. Carroll, 86 Okla. 230, 207 Pac. 735. The probate proceedings do not so disclose. The probate proceedings disclose that the land of each minor was appraised separately, and sold separately. The facts do not bring this case within the rule announced in the case of Jackson v. Carroll, supra.

It is next contended the court erred in admitting incompetent evidence and excluding certain evidence. The incompetent evidence relates to the question of statute of limitations, so it will be necessary to consider that question. In regard to rejecting certain evidence offered by the plaintiff, the record discloses and the court found that Claude Foreman reached his majority about September, 1916. The petition alleged that he died in 1918 and this action was commenced in 1919. Plaintiff offered to prove that Jeff Foreman told certain parties he never received any money for the sale of the land, but all he received was a couple of ponies. The record disclosed that Jeff Foreman filed his report

disclosing the amount of money he received from the sale of the land, and the amount paid out, and there still remained the sum of $110. The county court found the guardian had expended money for the use and benefit of the minor, and the same was more than the sum of $110, and that the entire amount received from the sale had been accounted for by the guardian, and his report approved by the county court. It is true, this court has held that where the sale purported to have been made for cash but was not made for cash, and other property accepted, the same is a fraud upon the minor. We do not think the evidence offered sufficient in this case, where the facts disclose the minor has become of age, and under the orders of the court has received the full amount he was entitled to receive, and thereafter he has died, that the relatives can question the return, especially where the records disclosed the minor has received the full benefit of the sale, and this is not disputed, to cause a reversal even if admitted. There was no attempt made to disclose that the property was not sold for cash, but simply that Foreman had told certain parties during his lifetime that he had only received certain horses. We think there was no error in sustaining the objection to the evidence, and if admitted, would not work a reversal of the action.

Finding no reversible error in the record, the judgment of the court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, COCHRAN, BRANSON, and HARRISON, JJ., concur.