**WOLF et al. v. GILLS et al.**

No. 12057—Opinion Filed Sept. 25, 1923.

Rehearing Denied Oct. 23, 1923.

(Syllabus.)

1. **Executors and Administrators — Appointment of Administrator — Collateral Attack — Residence of Deceased.**

Where, in a regular proceeding in a county court of this state for the appointment of an administrator, an order appointing an administrator is entered, such appointment is a finding of every jurisdictional fact necessary to such appointment, and the order is not subject to collateral attack on the ground that the deceased was not a resident of the county where the appointment is made.

2. **Same — Indians — Approval of Full-Blood Conveyances — County Court Jurisdiction.**

Where an administrator is appointed by a county court of this state in a proceeding duly and properly filed, and upon proper notice, such court is the court having jurisdiction of the settlement of the estate of the decedent and, as such, is the proper court to approve full-blood conveyances under the act of Congress of May 27, 1908. While the approval of a full-blood deed is not a judicial act and can be attacked by showing that the county court approving same did not have jurisdiction of the estate of the deceased, where an administrator has been regularly appointed by the county court, such court is the court having jurisdiction of the settlement of the estate and as such is the proper court to approve full-blood conveyances, and the order of appointment cannot be collaterally attacked on the ground that the deceased was not a resident of the county where the appointment was made.

3. **Same — Basis of Jurisdiction of Estate —Domicile of Deceased.**

Under section 1088, Comp. Stat. 1921, jurisdiction of the estate of a deceased citizen is based, not upon the existence of assets, but upon domicile in the county, and it is, therefore, not necessary that there should be assets of the decedent in order for an administrator to be appointed. While it would be an abuse of discretion for a county court to appoint an administrator for a deceased resident of the county where there is no estate or other statutory ground for the appointment, such appointment would not be void.

4. **Judgment — Presumption of Jurisdiction.**

Where a judgment is entered in a court of general jurisdiction and the record is si-

lent as to the existence of the facts that gave the court jurisdiction, it will be presumed that all the facts necessary for the proper rendition of the judgment have been found to exist before the judgment was rendered.

**5. Same — Vacation for Fraud — Appointment of Administrator.**

The judgment of the county court appointing an administrator will not be set aside on the ground of fraud unless the fraud pleaded and proved is some extraneous fraud practiced upon the court.

**6. Indians — Restricted Lands — Administration—Jurisdiction to Decree Heirship.**

Section 6488, Rev. Laws 1910, provides for the determination of heirship in estates which are subject to administration, and has no application to the determination of the heirs of estates which are not subject to administration. Restricted lands of full-blood Indians are not assets in the hands of an administrator, and the county court had no jurisdiction to decree the heirs of the deceased as to such estate under the above section.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Mose Wolf and others against Lillie B. Gills and others. From the judgment, both parties bring error. Affirmed.

B. C. King, for plaintiffs in error.

George Trice, R. H. Matthews, and Denver N. Davison, for defendants in error.

COCHRAN, J. This action was commenced by Mose Wolf and others against Lillie B. Gills and others, to recover certain real estate in Coal county. The lands in controversy are a portion of the allotment of Charlotte Wolf, a Chickasaw Indian, who died in September, 1908, and left as her heirs Mose Wolf, a full-blood Chickasaw Indian and a full brother of the deceased, and Oshway Porter, a full-blood Chickasaw Indian and a half brother of deceased. After the death of Charlotte Wolf, Oshway Porter died and left surviving him as his heirs, Sebena Porter, Harrison Porter, Johnson Porter, Elmina Shield, nee Porter, Chetona Brown, nee Porter, and Lera Underwood, all of whom were enrolled as full-blood Chickasaw Indians. An administrator of the estate of Charlotte Wolf was appointed by the county court of Coal county, and, therefore, Mose Wolf executed a deed to the lands in controversy to one J. M. Strange. This deed was approved by the county court of Coal county, Okla., and Strange thereafter conveyed to defendants. On August 8, 1911, the county court of Coal county entered an order determining the heirship of Charlotte Wolf

and in said order Mose Wolf was decreed to be the sole and only heir of Charlotte Wolf. The trial court found that the deed of Mose Wolf, approved by the county court of Coal county, was sufficient to convey the interest of Mose Wolf and that by reason thereof the defendants were the owners of a one-half interest in said land; but found that the heirs of Oshway Porter were entitled to a one-half interest in said land, they never having conveyed their interest in the land, and that they were not bound by the decree of heirship rendered by the county court of Coal county on August 8, 1911. From the judgment so rendered, both parties have appealed.

The first question for consideration is the validity of the deed executed by Mose Wolf and approved by the county court of Coal county. It was the contention of the plaintiff that Charlotte Wolf was a resident of Pontotoc county, Okla., at the time of her death, and the trial court so found. It is conceded that under section 9 of the act of Congress of May 27, 1908, this deed from Mose Wolf is not valid unless approved by the court having jurisdiction of the settlement of the estate of the deceased allottee. Plaintiff contends that, Charlotte Wolf being a resident of the state at the time of her death, jurisdiction in administration proceedings was in the county of her residence, and contends that this lack of jurisdiction can be questioned in this collateral proceeding. The defendant contends that the appointment of administrator by the county court of Coal county cannot be collaterally attacked, and that it is not competent to show that at the time of the appointment of administrator the deceased was really a resident of Pontotoc county. In Presbury v. County Court of Kay County, 88 Okla. 273, 213 Pac. 311, it was held that the right of venue for probate proceedings is an open question until some county court determines it has jurisdiction, but in distinguishing this case from Baird v. England, 85 Okla. 276, 205 Pac. 1098, and State ex rel. Monahawee v. Hazelwood, County Judge, 81 Okla. 69, 196 Pac. 937, the court said:

"Those cases are governed more by Hathaway et al. v. Hoffman et al., 53 Okla. 72, 153 Pac. 184, and other cases of that class, holding that where the county court has taken some affirmative action in matters of this kind, having jurisdiction to pass upon the jurisdictional fact of residence, it will be presumed that it did so, where such action is afterwards assailed collaterally. In such cases, where, from the action taken, it will be presumed that the county court first passed on the juris-

dictional fact of residence, this court may grant a writ of prohibition in order to avoid the intolerable conflict of authority that is likely to arise out of the situation presented by these particular cases. But in the case at bar, where the relator has merely filed an application for the probate of the will and the jurisdictional fact of residence is still open to direct assault, and where it appears that counsel is relying upon an inapplicable statute to confer jurisdiction upon the forum of his selection, we see no reason whatever for interfering with the county court of Kay county, where it was found by a court of competent jurisdiction the decedent resided a short time prior to his death."

In discussing the question of the proper court to approve full-blood deeds, the court in Oklahoma Oil Co. v. Bartlett, 236 Fed. 488, said:

"If a regular proceeding for the settlement of the estate of Chunna Gouge, deceased, had been instituted in the county of Hughes, alleging the facts necessary to give that court jurisdiction under the provisions of the Oklahoma statute above referred to, and if that court had found such jurisdiction and proceeded with the administration, and if the approval of defendant's deed had followed such regular proceeding for the settlement of the estate, clearly it could not have been attacked collaterally."

In the opinion it is said:

"Congress, instead of such provision, did, however, condition the right and duty to approve such deed to the 'court having jurisdiction of the settlement of the estate of said deceased allottee.' This left the determination of the issue to the statutes of the state of Oklahoma. Such statute is as above quoted, and therefore 'the court having jurisdiction of the settlement of the estate of said deceased allottee' was the only court given the right to approve such deed."

The county court having jurisdiction of the estate of Charlotte Wolf was the county in which she resided at the time of her death; but under the Constitution and law of this state county courts of the state are courts of general probate jurisdiction. Upon administration cases being filed in such courts, the question of the residence of the deceased must be determined. The county court in which the proceeding is duly and properly filed and presented has jurisdiction to determine for itself this particular jurisdictional fact, and, having determined it, the order is not subject to collateral attack. That court is then the tribunal which has been determined under the laws of the state to have jurisdiction of the estate of the deceased and, having been so determined, is the court which must approve full-blood conveyances.

In State ex rel. Monahawee v. Hazelwood, supra, the court said:

"When the county court of Okmulgee county took jurisdiction of the estate of Lete Kolvin, deceased, and appointed an administrator therein, such taking of jurisdiction and such appointment of administrator were the finding of every jurisdictional fact necessary to such an appointment." Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184; Baird v. England, 85 Okla. 276, 205 Pac. 1098.

It is true that the approval of the deed by the county court was not a judicial act and the order of approval of such a deed is not a determination of the jurisdiction of the court and such approval can be collaterally attacked (Oklahoma Oil Co. v. Bartlett, supra); but in this case the collateral attack on the order of approval was made in attempting to show that the deceased was a resident of Pontotoc county instead of Coal county at the time of her death in order to show that the court of Pontotoc county was the court having jurisdiction of the settlement of the estate. The testimony developed that the county court of Coal county had appointed an administrator of the estate and was, therefore, the court having jurisdiction of the same, and the evidence tending to prove that the residence was in Pontotoc county instead of Coal county was incompetent.

It is next contended that the order appointing the administrator in Coal county was void because Charlotte Wolf left no estate subject to administration; that the only estate which she had was her restricted allotment, which under decisions of this court in Redwine v. Ansley, 32 Okla. 317, 122 Pac. 679; Eastern Oil Co. v. Harjo, 57 Okla. 676, 157 Pac. 921, and Cowokochee v. Chapman, 90 Okla. 121, 215 Pac. 759, was not subject to administration and not assets in the hands of an administrator. Section 1088, Comp. Stat. 1921, provides:

"Wills must be proved, and letters testamentary or of administration granted:

"First. In the county of which the decedent was a resident at the time of his death, in whatever place he may have died.

"Second. In the county in which the decedent may have died, leaving estate therein, he not being a resident of the state.

"Third. In the county in which any part of the estate may be, the decedent having died out of the state, and not a resident thereof at the time of his death.

"Fourth. In the county in which any part of the estate may be, the decedent not being a resident of the state, but dying with-

in it, and not leaving estate in the county in which he died.

"Fifth. In all other cases, in the county where application for letters is first made."

Under this statute, jurisdiction of the estate of a resident citizen is based, not upon the existence of assets, but upon domicile in the county, and it is, therefore, not necessary that there should be assets in order for an administrator to be appointed. While it would be an abuse of discretion for a county court to appoint an administrator for a deceased resident of the county where there was no estate or other statutory ground for appointment, such appointment would not be void. Watson v. Collins, Adm'r, 37 Ala. 587; Nickel v. Vogel (Kan.) 92 Pac. 1105; Holburn v. Pfanmiller's Adm'r (Ky.) 71 S. W. 940; Connors v. Cunard S. S. Co. (Mass.) 90 N. E. 601, 17 Ann. Cas. 1051; In re Barlass' Estate (Wis.) 128 N. W. 58; Schouler on Executors & Administrators, sec. 93.

Plaintiff next contends that the order appointing an administrator is void because it does not specifically find the existence of jurisdictional facts. It has been repeatedly held that where a judgment is entered by a court of general jurisdiction and the record is silent as to the existence of the facts which gave the court jurisdiction, it will be presumed that all the facts necessary for the proper rendition of the judgment have been found to exist before the judgment was rendered. Hathaway v. Hoffman supra; Greer v. McNeal, 11 Okla. 519, 69 Pac. 891; Holmes v. Holmes, 27 Okla. 140, 111 Pac. 220; Baker v. Cureton, 49 Okla. 15, 150 Pac. 1090; Rice v. Theimer, 45 Okla. 618, 146 Pac. 702.

It is next contended that the order appointing an administrator in Coal county was void because section 6251, Rev. Laws, 1910, required that copies of the notice of hearing on the petition for appointment of administrator should be mailed to each of the heirs of the deceased and postage prepaid thereon. The plaintiff in error contends that notices were not mailed to the heirs. The order appointing administrator recites that copies of the notice were mailed to the heirs at law, and we do not find anything in the record to contradict this recital in the order.

It is further contended that the order appointing the administrator is void because it was fraudulently procured. There appears to be no extraneous fraud alleged or proved and the court has held that a judgment will not be set aside for intrinsic fraud. Clinton v. Miller, 96 Okla 71, 216 Pac. 135; Thig-

pen v. Deutsch, 66 Okla. 19, 166 Pac. 901; Brown v. Trent, 36 Okla. 239, 128 Pac. 895.

The defendants in error contend that the judgment of the trial court decreeing a onehalf interest in the property to the heirs of Oshway Porter should be reversed for the reason that the county court of Coal county entered a decree purporting to judicially determine the heirs of Charlotte Wolf, deceased, and that the heirs of Oshway Porter should not be permitted to reopen the question of heirship in this proceeding. The proceeding in which the heirs of Charlotte Wolf were determined was under authority of section 6488, Rev. Laws 1910, and presents for determination the authority of a county court in a proceeding of that kind to render a judgment which will be binding on a full-blood Indian heir whose interest in the estate under section 9 of the act of Congress of May 27, 1908, could only be disposed of by deed approved by the proper probate court.

This court has held that restricted lands of full-blood Indians do not become assets in the hands of an administrator and are not subject to distribution as assets of the estate of such Indian, and that a decree of the county court distributing such lands is not conclusive as to the heirs entitled to inherit such lands. Cowokochee v. Chapman, supra.

Section 6488, Rev. Laws 1910, under which the heirship was determined in this case, provided for the determination of heirship in estates which are subject to administration, but has no application to the determination of the heirs of estates which are not subject to administration. In the case at bar, the estate of Charlotte Wolf not being subject to administration, the county court has no jurisdiction to decree the heirship of the deceased as to such estate.

For the reasons stated, the judgment of the trial court is affirmed.

JJOHNSON, C. J., and McNEILL, KENNAMER, NICHOLSON, BRANSON, and MASON, JJ., concur.