## JOHNSON v. FURCHTBAR et al.

No. 11856--Opinion Filed Oct. 23, 1923.

Rehearing Denied Nov. 20, 1923.

(Syllabus.)

1. **Pleading—Judgment on Pleadings—Effect of Motion.**

A motion for judgment on the pleadings is in the nature of a demurrer, and is governed by the rules applicable to a general demurrer and admits every material fact properly stated in the pleadings.

2. **Guardian and Ward—Appointment of Guardian—Presumption of Jurisdiction.**

The appointment of a guardian for minors by a county court imports jurisdiction in the court so to do, and it will be inferred from the fact that such an appointment was made that all the facts necessary to vest the court with jurisdiction to make the appointment had been found to exist before the same was made.

3. **Same — Collateral Attack — Domicile of Minor.**

Where a guardian has been appointed by a county court of this state, the order of appointment cannot be collaterally attacked on the ground that the minor was not a resident of the county in which the appointment was made.

4. **Same.**

Where an order appointing a guardian is entered by a county court of this state, such court being a court of general probate jurisdiction, it will be presumed that all facts necessary for the proper rendition of the judgment have been found to exist before judgment was rendered, and the judgment cannot be attacked in a collateral proceeding because the order appointing does not recite that the minor was a resident of the county.

5. **Same—Guardian's Sale—Setting Aside for Fraud.**

A guardian's sale will not be set aside in an equitable action on the ground of fraud, unless the fraud is extraneous to the issues in the case and such as deprived the party of a fair opportunity to present his case.

6. **Same—Notice of Hearing on Appointment of Guardian—Sufficiency.**

Section 1431, Comp. Stat. 1921, prescribes the only notice required to be given of the hearing on the application for appointment as guardian, and under our statute personal notice on the relatives of the minor residing in the county, or persons having the care of the minor, is not required, but only such notice as the county judge deems reasonable.

7. **Same—Validity of Guardian's Sale — Absence of Seal of Court to Orders.**

Failure to attach the seal of the court to orders of the county court is an irregu-

larity and not a jurisdictional defect, and hence does not render the guardian's sale void.

**8. Indians — Allotment of Minor Creek Freedman—Sale—Restrictions.**

Under the act of May 27, 1908, the only restriction on the sale of the land of a minor Creek freedman was that it should be sold through the probate court, and this act of Congress did not destroy any vested right existing in the allottee under the provisions of the original Creek Agreement.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Ellis Johnson, a minor, by Richard E. Jennes, his guardian, against Cora B. Furchtbar and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Lewis C. Lawson and W. T. Banks, for plaintiff in error.

V. H. Albertson and T. L. Blakemore, for defendants in error

COCHRAN, J. This suit was filed by the plaintiffs in error against defendants in error to recover 40 acres of land, being a portion of the allotment of Ellis Johnson, a Creek freedman. The petition alleged the sale of the land through the probate court of Okfuskee county, but alleged that the probate proceedings were void and insufficient to convey title to said land on account of numerous defects which were set out in the petition. An answer was filed by the defendants, and thereafter, on motion of defendants, judgment was rendered for the defendants on the pleadings.

This case is to be determined according to the rule announced by this court in the following language:

"A motion for judgment on the pleadings is of the nature of a demurrer, is governed by the rules applicable to a general demurrer, and admits every material fact properly stated in the pleadings." Mires v. Hogan, 79 Okla. 233, 192 Pac. 811.

The plaintiffs alleged that the sale was invalid because the appointment was made in Okfuskee county, whereas the minor was a resident of Okmulgee county, and it was further alleged that the said appointment was made without a hearing and without deciding that the minor was a resident of Okfuskee county, and that the county court of Okfuskee county was without jurisdiction to appoint a guardian. The question presented here is no longer an open question in this jurisdiction. In Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184, the court said:

"The appointment of a guardian for minors by a county court imports jurisdiction in the court so to do, and it will be inferred from the fact that such an appointment was made that all the facts necessary to vest the court with jurisdiction to make the appointment had been found to exist before the same was made."

It has also been held that, where the county court has determined this jurisdictional fact of residence, the order is not subject to collateral attack. Hathaway v. Hoffman, supra; Baird v. England, 85 Okla. 276, 205 Pac. 1098; State ex rel. Monahawee v. Hazelwood, 81 Okla. 69, 196 Pac. 937; Wolf v. Gills, 96 Okla. 6, 219 Pac. 350; Foreman v. Chapman, 95 Okla. 132, 219 Pac. 692.

The plaintiffs contend, however, that the petition alleged that there was no hearing or decision by the county court of Okfuskee county on the question of residence. This is not an allegation of fact, but pleads a legal conclusion. The petition having set forth the order appointing the guardian, the allegation that there was no hearing or decision as to the question of residence adds nothing to the petition. It has been repeatedly held that where a judgment is entered by a court of general jurisdiction, and the record is silent as to the existence of facts which gave the court jurisdiction, it will be presumed that all facts necessary for the proper rendition of the judgment have been found to exist before judgment was rendered, and the same cannot be attacked in a collateral proceeding. Hathaway v. Hoffman, supra; Greer v. McNeal, 11 Okla. 519, 69 Pac. 891; Holmes v. Holmes, 27 Okla. 140, 111 Pac. 220; Baker v. Cureton, 49 Okla. 15, 150 Pac. 1090; Rice v. Theimer, 45 Okla. 618, 146 Pac. 702.

The plaintiffs next contend that this is not a collateral attack on the judgment of the county court, but is a direct attack thereon. This court in McIntosh v. Holtgrave, 79 Okla. 63, 191 Pac. 739, stated:

"A domestic judgment may be attacked in three ways:

"(a) By a direct attack, which is an attempt to avoid or correct it in some manner provided by law.

"(b) A collateral attack, which is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it.

"(c) By an equitable proceeding to set aside said judgment for fraud practiced

by the successful party, said fraud inducing or entering into such order or judgment, where such fraud is extrinsic to the issues in the proceeding attacked, and especially where the court has been imposed upon by such frauds."

This proceeding is not one provided by law for attacking judgments, and, hence, is not a direct attack. It is argued by the plaintiff, however, that there are sufficient allegations of fraud in the petition to constitute this an equitable proceeding to set aside a judgment for fraud, and can, therefore, be maintained for that reason. In the above case and in numerous other cases, this court has recognized equitable proceedings to vacate judgments procured through fraud, and in several cases such attacks have been denominated direct attacks, and we think that it may now be conceded that such a proceeding is recognzied by this court as a direct attack. The petition in the instant case, however, contains no allegations of extrinsic fraud. The allegations of fraud were all as to matters which were before the county court for determination and which were necessarily determined by the court when the order appointing the guardian was made, and it has been repeatedly held that fraud of this character is not sufficient to give a court of equity jurisdiction to set aside a judgment. Clinton v. Miller, 96 Okla. 71, 216 Pac. 135; Thigpen v. Deutch, 66 Okla. 19, 166 Pac. 901; Brown v. Trent, 36 Okla. 239, 128 Pac. 895; Tiger v. Drumright, 95 Oka. 174, 217 Pac. 453; Wolf v. Gills, supra.

It is next contended that the probate proceedings are void because no proper notice was given of the hearing on the appointment of the guardian; that the application was made by the father of the minor and notice was given by posting in three public places in Okfuskee county, but no notice whatever was given to the mother or the grandmother of the minor, who had custody of the child. In Ross v. Groom, 90 Okla. 270, 217 Pac. 480, this court said:

"Section 1431, Comp. Stat. 1921, prescribes the only notice required to be given of the hearing on the application for appointment as guardian, and under our statute personal notice on the relatives of the minor residing in the county, or persons having the care of the minor, is not required, but only such notice as the county judge deems reasonable."

Under the above authority, the notice given in the instant case was sufficient.

It is next contended that the guardian's bond, letters of guardianship, etc., did not bear the seal of the court. In Foreman v. Chapman, supra, this court held that the failure to attach the seal of the court is to be considered an irregularity and not a jurisdictional defect, and hence does not render the guardian's sale void.

It is next contended that the land was restricted and alienation thereof forbidden under section 4 of the original Creek Agreement. It is conceded that the act of May 27, 1908, removed all restrictions from this property except the requirement that it be sold through the proper probate court; but it is contended that, since the original Creek Agreement provided that individual allotments of minors should not be sold during minority and that homesteads of citizens of the Creek Nation, under section 7, were made inalienable for a period of 21 years, these restrictions contained in the treaty ran with the land and prohibited the sale thereof during minority, or as to homesteads for a period of 21 years, and that these restrictions became a vested right in the citizens of the Creek Nation, and could not be changed by a subsequent act of Congress. In Loman v. Paullin, 51 Okla. 294, 152 Pac. 73, this court said:

"We gather from the foregoing that counsel take the position that, by the original agreement, or treaty, approved by Congress and a vote of the Choctaws and Chickasaws, Loman acquired a vested right forever guaranteeing to him a restriction upon alienation of said lands. In other words, a vested right of disability—a new and most peculiar and novel proposition. * * * We cannot agree with counsel in their contentions in that behalf, nor can we agree with counsel that a person may acquire a vested right in that which amounts only to a disability, in this case, simply a restriction upon alienation. Our understanding has always been that the power which has the right to provide a restriction or any inhibition also has the power to remove it."

See, also, McIntosh v. Dill, 86 Okla. 1, 205 Pac. 917.

For the reasons stated, it appears to us that the trial court correctly sustained a motion for judgment on the pleadings, and the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.