## GALLAGHAR v. PETREE.

No. 13537—Opinion Filed Oct. 21, 1924.

**1. Judgment — Presumption of Validity — Collateral Attack — Probate Jurisdiction of County Courts.**

County courts of this state are courts of general jurisdiction in probate matters. The orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumption, and the same immunity from collateral attack as are accorded courts of general jurisdiction.

**2. Same—Finding as to Ward's Residence.**

Where the proceedings of the county court are conceded to be regular on their face, such proceedings may not be subject to collateral attack upon the ground that the court erred as to its finding as to the residence of the ward.

**3. Same—Presumption of Facts—Record.**

A fact can never be presumed in the face of statements to the contrary in the record, and if the record states what was done, it will not be presumed that something different was done.

(Syllabus by Ruth, C.)

Commissioners' Opinion. Division No. 3.

Error from District Court, Rogers County; C. W. Mason, Judge.

Action by Ollie Gallaghar against Frank Petree, administrator of the estate of M. C. Brunsbaugh. Judgment for defendant, and plaintiff appeals. Affirmed.

Watts & Broaddus, for plaintiff in error.

Thompson & Smith, Humphrey & Campbell, Kornegay & Probasco, Gibson & Hull, and Holtzendorff & Holtzendorff, for defendant in error.

Opinion by RUTH, C. The plaintiff herein filed this action, and subsequently filed her amended petition in which she sets forth she is a freedman citizen of the Cherokee Nation, and her allotment was the following real estate, to wit:

"N. ½ of S. W. ¼ of S. E. ¼ of section 9; and N. E. ¼ of N. W. ¼ and N. E. ¼ of N. W. ¼ of N. W. ¼ of section 16, township 24 north, range 17 east; and W. ½ of N. E.¼ of S. W. ¼ less 0.01 acres occupied as right of way by the St. Louis and San Francisco Railroad and the N. E. ¼ of N. E. ¼ of S. W. ¼ less 0.45 acres occupied as right of way by the St. Louis and San Francisco Railroad, and the S. W. ¼ of S. E ¼ of N. W. ¼ of section 17, township 24 north, range 18 east, all in Rogers county, Okla."

That Laura Roach was a freedman citizen of the Cherokee Nation and her allotment consisted of the following property:

"N. W. ¼ of S. W. ¼ of N. E. ¼ and N. W. ¼ of S. E. ¼ of N. W. ¼ and E ½ of S. E. ¼ of N. W. ¼ of section 17, township 24 north, range 18 east, all in Rogers county, Okla."

That the said Laura Roach died intestate on or about the 20th day of November, 1906, leaving her surviving as her only heir at law, the plaintiff, Ollie Gallaghar. Plaintiff alleges she is 19 years of age, has always lived in Muskogee county in the custody of Sam Roach, her father. That on May 16, 1905, the United States Court for the Northern District of Indian Territory, sitting at Nowata, appointed one David G. Elliott as guardian of the person and estate of the plaintiff, and upon Indian Territory being erected into a state, the said guardian proceedings by operation of law, passed to and under the jurisdiction of the county court of Nowata county, state of Oklahoma. That in October, 1911, the guardian filed his application to have the guardianship proceedings transferred to Rogers county, Okla., alleging plaintiff was a resident of, and could be found in Rogers county, and the county court of Nowata county did, upon such petition, transfer the records, reports, documents. and papers relating to the guardianship proceedings to Rogers county, and the same were duly filed, and where they still remain. Plaintiff alleges the county court of Rogers county in November, 1911, upon petition of the guardian, made and entered an order authorizing and directing the sale of plaintiff's estate for cash, subject to confirmation by the court, and that pursuant to

such order the property was sold, and the sale confirmed by the court. Plaintiff alleges M. C. Brumbaugh, the purchaser, died intestate, and the defendant, Frank Petree, was appointed administrator, and plaintiffs petition alleges divers and sundry parties therein named have acquired or claim interests adverse to the plaintiff.

Defendants demurrer to the petition upon the ground that it shows upon its face it is a collateral attack upon a judgment of the county court of Rogers county, Okla., authorizing the sale of the land in controversy by the guardian of the plaintiff, and also upon the judgment of the said court confirming said sale, and therefore the district court has no jurisdiction of the matters and things alleged in the said petition.

Upon demurrers being overruled, defendants file their answers. Upon issue being joined the cause was tried to the court, plaintiff testified she was "of age" October 5, 1919, had always lived at Bragg, Muskogee county, and at Webber Falls, never lived in Rogers county, but had been there with her father when she was a girl 12 years of age. That on March 22, 1920, and again on March 25, 1920, she executed quit-claim deeds to the lands involved in this action to P. C. Satterwhite, the deeds showing on their face that plaintiff had parted with all her interest in the land prior to the filing of this action, and at the time of the filing her petition she had divested herself of the legal title to the land. Plaintiff offered to prove that the quitclaim deeds were made without consideration, and Satterwhite was to hold the legal title, and plaintiff retain the equitable title, and Satterwhite was to reconvey to her upon request, and such deeds were only taken by Satterwhite to prevent plaintiff from making improvident disposition of her lands. Plaintiff also offered in evidence a quitclaim deed for the lands involved. where Satterwhite reconveyed the lands to plaintiff a short time prior to the trial. The offered evidence was by the court excluded and plaintiff saved exceptions.

Plaintiff further offered to prove her residence had at all times since birth been in Muskogee county, which offer was by the court refused and exceptions saved.

Plaintiff thereupon rested and defendants filed their demurrer and motion for judgment quieting title in the defendants, for that:

"The evidence is not sufficient to support the allegations of the plaintiff's petition, that in the first instance and at the time the trial was begun, defendants were entitled

to judgment on the pleadings; that the answers of defendants set up the petition for sale, orders, confirmation, guardians deed to Brumbaugh and the several deeds from Brumbaugh, to the several defendants, and that the same were not denied by pleadings or evidence."

The demurrer being sustained by the court, motion was made by defendants for judgment on the cross-petitions, and judgment was rendered and entered quieting title in the defendants. Motion for a new trial was filed and overruled, and this cause is regularly brought here for review.

Plaintiff presents numerous assignments of error, which are unnecessary to set forth in extenso, as, shorn of legal verbiage, they are: First, that the judgment and decree is not sustained by sufficient evidence; second, contrary to law; third, errors of law occurring at the trial, and these errors consisting of admission of the deeds from plaintiff to Satterwhite, whereby plaintiff divested herself of the legal title to the lands prior to the filing of this action; error in excluding the quitclaim deed from Satterwhite to plaintiff after the filing of the action and a few days prior to the trial, that there was no consideration for the quitclaim deeds passing through Satterwhite and plaintiff each to the other, and excluding evidence of plaintiff's continued residence in Muskogee county.

Chapter 25, secs. 1, 3, S. L. 1910 (Comp. Stat. 1921, secs. 1001-1093), provide as follows:

Section 1. "When it is made to appear that any probate matter pending in any court of this state which, by Acts of Congress and the Constitution, was transferred from the courts of the Territory of Oklahoma, and the United States Courts in the Indian Territory to the courts of this state, is not in the county where the venue of such suit, matter or proceeding would lie if arising after the admission of this state into the Union, the court where such suit, matter or proceeding is pending shall, upon the application of the guardian, executor or administrator or any other person having a substantial interest therein, or upon his own motion, when a proper showing has been made for a removal, within twenty days after application is made therefor, make an order transferring such suit, matter or proceeding to the county where the venue would properly lie if such suit, matter or proceeding had arisen since the admission of this state into the Union, by transmitting to such county the orginal papers, together with certified copy of all orders and judgments, upon the payment of all accrued costs; provided, that where any minor is the owner of an estate situated in a county or in counties other than that of his domicile and a guardian or curator has heretofore been appointed for such minor or his estate in any such county other than that of the domicile of such minor, such suit, matter or proceedings shall be transferred in the manner and upon the conditions herein provided, to the county of the domicile of such minor; and provided further, that such original papers, together with such certified copies of all orders, and judgments, shall be filed in the court to which it is removed, and the same shall proceed as if ordinarily filed therein, without further service of notice."

Section 3. "In any case where it is shown to the court that the domicile of the minor or ward has been changed from the county where the guardianship is pending to another county in this state, the guardianship may, upon application verified by oath, after notice has been given to the next of kin of such minor or ward and upon good cause shown, be removed to such other county, which would be the proper venue in the manner, and upon the conditions prescribed in section 1, of this act for the transfer of suits, matters or proceedings if the court finds that the domicile of the minor or ward has been changed in good faith and that such transfer would be for the best interest of such minor or ward."

Plaintiff directs out attention to 15 R. C. L.—Judgments, section 374, p. 896, where the rule is laid down as follows:

"A fact can never be presumed in the face of statements to the contrary in the record, and if the record states what was done it will not be presumed that something different was done."

Accepting this as the correct rule, we find the record discloses that the appointment of the guardian was regular; that the guardianship was regularly transferred from the United States Court to the county court of Nowata county. The petition of the guardian for the removal of the guardianship to Rogers county alleges that the guardian is a resident of Claremore, Rogers county, that the plaintiff is a resident of and may be found in Rogers county, and all wards property and interests are in Rogers county, and such interests would be materially promoted if the guardianship was removed to the last named county.

The record further discloses that upon this petition, hearing was had, and the county court of Nowata county made an order of removal, and further recited in the order that legal notice had been given, and that the minor ward (plaintiff herein) resides and is to be found in said Rogers county, and the interests of the estate would be materially benefited by the removal.

Applying the rule contended for by counsel, we cannot presume the cause was transferred upon a ground not provided for by statutes.

"An order of the county court transferring a guardianship cause to the county court of another county in this state cannot be collaterally attacked, and it is to be presumed that the court before making the order of transfer performed his duty and found facts to justify the order, to be true." S. W. Surety Ins. Co. v. Taylor et al., 70 Okla. 181, 173 Pac. 831-835.

All the proceedings of the county courts of Nowata and Rogers counties appear regular upon their face. After the transfer to Rogers county, the court ordered the sale of the property, and at such sale held under order of the court M. C. Brumbaugh became the purchaser, and the sale was confirmed by the court.

"Where the proceedings of the county court are conceded to be regular on their face, such proceedings may not be subject to collateral attack upon the ground that the findings upon which the jurisdiction was based were untrue.

"County courts of this state are courts of record and have original general jurisdiction in probate matters. The orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumption and the same immunity from collateral attack as are accorded courts of general jurisdiction." Bowling et al. v. Merry, 91 Okla. 176, 217 Pac. 404.

In Johnson v. Furchtbar, 96 Okla. 114 220 Pac. 612, this court says:

"It has also been held that where the county court has determined this jurisdictional fact of residence the order is not subject to collateral attack." Hathway v. Hoffman, 53 Okla. 72, 153 Pac. 184; Baird v. England, 85 Okla. 276, 205 Pac. 1098; State ex rel. Monahawee v. Hazelwood, 81 Okla. 69, 196 Pac. 937; Wolf v. Gills, 96 Okla. 6, 219 Pac. 350; Foreman v. Chapman, 95 Okla. 132, 219 Pac. 692.

Mr. Justice Grey, speaking for the court, in Thaw v. Falls, 136 U. S. 548 said:

"So far as concerned the interests of the infants, therefore, the court had before it everything that was necessary to support its jurisdiction. In this form of proceedings, the guardian sufficiently, and fully represented the infants * * * the orders of those courts within their jurisdiction were conclusive proof in favor of the purchaser and grantee at the sale, and can not be collaterally impeached on any such ground." Thompson v. Tolner. 27 U. S. (2 Pet.) 157; Grignon v Astor. 43 U. S. (2 How.) 319; McNitt v. Turner, 83 U. S. (16 Wall.) 352;

Mohr v. Manierre, 101 U. S. 417; See Johnson v. Johnson, 60 Okla. 206, 159 Pac. 1121; Blackwell v. McCall, 54 Okla. 96, 153 Pac. 815; Cowan v. Hubbard, 50 Okla. 671, 151 Pac. 678; Moffer v. Jones, 67 Okla. 171, 169 Pac. 652; Berry v. Tolleson, 68 Okla. 158, 172 Pac. 630; Tiger v. Drumright, 95 Okla. 174, 217 Pac. 453.

Plaintiff next contends that the exclusion of the proffered evidence tending to show plaintiff was the owner of the equitable title of the lands, although she had conveyed the legal title to Satterwhite, prior to the institution of the action, and the reconveyance by Satterwhite to plaintiff a few days before the trial of cause, was error, but in view of the fact that the appointment of the guardian and the transfer of the cause from the United States Court to the county court of Nowata county are not controverted, and that the order of the court of Rogers county, directing the sale of the land, and the sale of the same to Brumbaugh, and its confirmation by the county court of Rogers county, are regular upon their face, and in further view of the deraignment of title in defendants through Brumbaugh not being controverted, and the opinions of this court herein referred to relating to the transfer of guardianships from one county to another, and the presumptions indulged in favor of the regularity of the proceedings of the county court where the same appears upon the face thereof, the offered evidence was immaterial from any angle, and finding no error in the record, the judgment of the court below, for the reasons herein stated should be affirmed.

By the Court: It is so ordered.