### STATE ex rel. MONAHAWEE et al. v.

### HAZELWOOD, County Judge, et al.

No. 11890—Opinion Filed March 22, 1921.

(Syllabus.)

**1. Prohibition—Right to Remedy.**

Prohibition is the proper remedy where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it.

**2. Courts — Probate Jurisdiction — County Court—Exclusive Jurisdiction.**

The county court of the county in which application is first regularly made for letters testamentary or of administration, shall have jurisdiction co-extensive with the state in the settlement of the estate of the decedent and the sale and distribution of his real estate, and to determine the fact of heirship in and to said estate, and it excludes the jurisdiction of the county court of every other county.

**3. Prohibition — Right to Writ — Conflicts Between County Courts in Probate Jurisdiction.**

Where a county court of this state assumes jurisdiction to administer upon the estate of a decedent and has appointed an administrator, who has regularly qualified as such administrator and rendered an inventory and appraisement of the property belonging to said estate, and subsequent thereto the county court of another county assumes jurisdiction to determine the fact of heirship as to said decedent and to distribute the property belonging to his estate on the application of one claiming to be the sole heir of the deceased, and such court has caused notice to be served of said application, and fixed a date for the hearing there-

of, and at the time such application was filed and for a long time prior thereto the applicant has pending in the district court of the county where the land belonging to the estate of said decedent is situated, suits in ejectment to recover said land against numerous claimants thereof, and it is evident from the pleadings and proofs that an intolerable conflict had arisen between the said county courts as to their respective jurisdiction, held, that the county court where application was first made acquired exclusive jurisdiction to administer such estate, and the other county court has assumed to exercise judicial power not granted by law, and is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it, and that writ of prohibition should issue by this court against the last named county court and the judge thereof, and it is so ordered.

Original action by the State on the relation of Cynthia Monahawee and others against Tom Hazelwood, County Judge of Okfuskee County, and others for writ of prohibition. Writ allowed.

McDougal, Lytle & Pryor, Edw. H. Chadler, Summers Hardy, Frank Warren, Jno. Rogers, and W. L. Ranson, for relators.

Rowe, Phillips & Douglass, for respondents.

JOHNSON, J. This is an original action commenced in this court for a writ of prohibition against the county court of Okfuskee county and Tom Hazelwood, county judge of said county, involving a probate proceeding therein pending, entitled, "In the Matter of the Estate of Lete Kolvin, Deceased, No. 1396."

Upon the filing of the petition herein by the relators an alternative writ of prohibition was granted, and respondents have filed their return herein, admitting most all of the questions of fact which may have been at issue between the respective parties. For instance, it is admitted in substance, that at the time of the purported commencement of heirship proceedings in the county court of Okfuskee county, and at the time of the filing of a petition in said court having for its purpose a determination of the question of fact as to who were the heirs of Lete Kolvin, deceased, there was then pending, and there had been pending for some time long past, an administration proceeding on the estate of the said Lete Kolvin, deceased, in the county court of Okmulgee county, state of Oklahoma.

It is further admitted in said response that said Lete Kolvin, deceased, was a full-blood citizen of the Creek Tribe or Nation of Indians, duly enrolled as such, opposite

Roll No. 8092 of the authenticated approved rolls as prepared by the Commission to the Five Civilized Tribes. It is also admitted that William Burnett, the petitioner for determination of heirship in the county court of Okfuskee county, is a freedman citizen of the Creek Tribe or Nation of Indians, and that his name appears opposite Roll No. 4695 of the authenticated freedman roll as prepared by the Commission to the Five Civilized Tribes.

It is alleged in relators' petition herein, and by silence of respondents admitted, that prior to the commencement of the administration proceedings in Okmulgee county, and prior to the commencement of the heirship proceedings in Okfuskee county, the said William Burnett had commenced his certain action in the district court of Creek county in ejectment to try title to the lots and lands in controversy, being the allotment of said Lete Kolvin, deceased, to wit: The southwest quarter of section 16, township 18 north, range 7 east, and being the identical lands described in the petition for the appointment of administrator in the county court of Okmulgee county and in the petition for determination of heirship in the county court of Okfuskee county, state of Oklahoma; and that said action was duly set for hearing in the district court of Creek county, state of Oklahoma, prior to the commencement of the heirship proceedings in the county court of Okfuskee county. That in said action in the district court of Creek county, state of Oklahoma, various and sundry persons had intervened and were made parties defendant and had commenced other and sundry actions to determine the title to the said lots and lands above described, all of which said actions had been consolidated with the said action commenced by him, the said William Burnett.

It is further alleged in relators' petition, and not denied by respondents, that the said Tom Hazelwood, county judge of the county court of Okfuskee county, and said William Burnett will proceed to hear and determine said petition for determination of heirship and the facts arising thereon unless prohibited by the mandate and writ of this court; and that such proceedings on the part of the county court of Okfuskee county and on the part of him, the said Tom Hazelwood, will cause to arise a hopeless conflict of jurisdiction between the county court of Okmulgee county and the county court of Okfuskee county, so that said conflict will become intolerable to the public peace and safety.

It is further alleged in relators' said petition that relators have no plain and adequate remedy at law, and although respondents deny and affirmatively allege that relators have a plain and adequate remedy at law, they do not attempt to deny the facts upon which the conclusion is based that relators do not have a plain and adequate remedy at law.

The respondents alleged, in substance, in their response and argued in their brief:

(1) "That the action instituted in the county court of Okfuskee county was brought and is being prosecuted pursuant to act of Congress approved June 14, 1918, and that such court, in assuming jurisdiction thereof and proceeding therein, is not acting in a judicial capacity, but as an administrative agency of the federal government, and therefore, is not amenable to the superintending control of this court.

(2) "That relators have an adequate remedy by appeal from said county court of Okfuskee county."

In answer to these contentions of the respondents, the relators say in their brief:

(1) "That there is no authority in the act of Congress of June 14, 1918 (Comp. Stat. 1918, Append. secs. 4234a, 4234b), for respondent, William Burnett, to institute in, nor the county court of Okfuskee to entertain jurisdiction of said proceeding."

(2) "That where the inferior court whose action is sought to be prohibited is acting without jurisdiction, or in excess of its lawful jurisdiction, prohibition is the proper remedy."

It will be observed our purpose is to refrain as far as may be possible from expressing any opinion as to the merits that have arisen between the parties in the cases pending below, but we will consider the application for the writ of prohibition upon the showing before the court.

The power of this court to grant writs of prohibition against inferior courts of this state and the judges thereof in a proper cause is not the question in this proceeding. Does the petition present a proper cause? Is the showing sufficient therefor, and should the same be granted? These are the questions to be considered.

It is alleged in the petition and shown in the application that on the 27th day of February, 1920, the county court of Okmulgee county, by and through proceedings duly had, entered its order appointing John E. Davis administrator of the estate of Lete Kolvin, deceased, and that the deceased was a citizen of the Creek Tribe or Nation of Indians of full-blood, enrolled as such opposite No. 8092, and that the said John E. Davis qualified as such administrator by giving the bond and taking the oath as such, as required by law. That thereafter on or about the 5th day of October, 1920, one William Burnett, a Creek freedman duly enrolled as such opposite Roll No. 4696, filed in the county court of Okfuskee county his certain petition for determination of heirship on which he claimed to be the sole and only heir of said Lete Kolvin, deceased, and thereafter caused to be served on the relators a notice reciting that "you must appear herein and file and state your claim on or before the 1st day of December, 1920." And long prior to the commencement of the proceedings in the county court of Okmulgee county,

and long prior to the commencement of the proceedings in the county court of Okfuskee county, there was pending, and is now pending, a certain action entitled "William Burnett v. Monahawee Oil Company et al.," which action is for the purpose of recovering the lots and lands described in said William Burnett's petition and to determine heirship —to wit, the S. W. ¼ of sec. 16, Tp. 18 N., R. 7 E. That said action is pending in the district court of Creek county, and is No. 6537, and that said action has been consolidated with certain other actions in such district court involving said above described lands, which are situated in Creek county, and that by reason of the pendency of the administration proceedings in the county court of Okmulgee county the respondent, Tom Hazelwood, as county judge of Okfuskee county, was without power, authority, and jurisdiction to entertain the petition for determination of heirship of the said Lete Kolvin, deceased; that on the 17th day of November, 1920, the said respondent, Tom Hazelwood, as county judge, entered an order in said proceeding pending in the county court of Okfuskee county, refusing to dismiss such petition for determination of heirship, and that unless prohibited by the writ and mandate of this court he will proceed to hear and determine the matters and things relating to such heirship; that the relators have no plain and adequate remedy at law, and that unless a writ issue, a hopeless conflict of jurisdiction between the county court of Okmulgee county and the county court of Okfuskee county will ensue, and it will become intolerable to the public peace and safety.

Letters of administration of the estate of Lete Kolvin, deceased, were granted to John E. Davis by the county court of Okmulgee county on February 27, 1920. Thereafter, on October 5, 1920, the respondent William Burnett commenced a proceeding under

chapter 25, Sess. Laws 1919, to have determined by said court a question of fact as to the heirship of the said Lete Kolvin, deceased.

It is clear that the courts mentioned, possessed equal jurisdiction to hear and determine any and all matters set forth in the application presented herein and in the response thereto set forth.

Rev. Laws 1910, provide as follows:

"Section 6193. Venue of Probate Acts. Wills must be proved, and letters testamentary or of administration granted: First. In the county of which the decedent was a resident at the time of his death, in whatever place he may have died. Second. In the county in which the decedent may have died, leaving estate therein, he not being a resident of the state. Third. In the county in which any part of the estate may be, the decedent having died out of the state, and not a resident thereof, at the time of his death. Fourth. In the county in which any part of the estate may be, the decedent not being a resident of the state, but dying within it, and not leaving estate in the county in which he died. Fifth. In all other cases, in the county where application for letters is first made.

"Section 6194. Same—In Certain Cases. When the estate of the decedent is in more than one county, he having died out of the state, and not having been a resident thereof at the time of his death, or being such nonresident and dying within the state, and not leaving estate in the county where he died, the county court of that county in which application is first made for letters testamentary or of administration has exclusive jurisdiction of the settlement of the estate.

"Section 6195. Jurisdiction Exclusive in State. The county court in which application is first made for letters testamentary or of administration in any of the cases above mentioned shall have jurisdiction co-extensive with the state in the settlement of the estate of the decedent and the sale and distribution of his real estate and excludes the jurisdiction of the county court of every other county."

From the foregoing provisions it seems quite clear that when the county court of Okmulgee county took jurisdiction of the administration proceedings in the instant case, such jurisdiction was co-extensive with the state and excluded the jurisdiction of the county court of every other county. It is not only the rule made so by statute, but, on the ground of public policy, was the rule at common law. Dobler v. Stroble, 9 N. Dak. 104, 81 Am. St. Rep. 530-5.

When the county court of Okmulgee county took jurisdiction of the estate of Lete Kolvin, deceased, and appointed an administrator therein, such taking of jurisdiction and such appointment of administrator were the finding of every jurisdictional fact necessary to such an appointment. Hathaway v. Hoffman et al., 53 Okla. 72, 153 Pac. 184; Welch v. Focht et al., 67 Oklahoma, 171 Pac. 730.

Having reached these conclusions, that disposes of the respondents' first question—that this court is without jurisdiction to grant the writ of prohibition because "the county court of Okfuskee county was not acting in a judicial capacity, but as an administrative agency of the federal government, and therefore is not amenable to the superintending control of this court."

This contention, we think, is untenable for the reason, as we have seen, that such proceeding in the county court of Okfuskee county was commenced by virtue of chapter 25, Sess. Laws 1919, for the purpose of determining heirship and for the distribution of the estate involved, and at a time when the county court of Okmulgee county had pending therein a general administration proceeding of said estate, and such court was open to the respondent Burnett for the adjudication of any and all rights and claims that he may have in and to the property belonging to said estate by reason of his alleged heirship.

It clearly appearing that the county court of Okmulgee county had, prior to the institution of the proceeding instituted by the respondent William Burnett in the county court of Okfuskee county, assumed jurisdiction to administer upon the estate of Lete Kolvin, deceased, and appointed John E. Davis administrator thereof, whose duty it was as such administrator, under the law, to take actual possession of all the assets of said estate, by reason of such jurisdiction having been assumed by the county court of Okmulgee county, such jurisdiction under the statute had become exclusive, having been first obtained. The county court of Okfuskee county, therefore, is without jurisdiction of the proceeding pending therein, and if the county court of Okfuskee county is permitted to proceed it will assume a jurisdiction expressly excluded by law and will attempt to make an unwarranted application of judicial force, and because of the exercise of jurisdiction by the county court of Okfuskee county the same will lead to a sharp and intolerable conflict of jurisdiction between the county court of Okfuskee county and the county court of Okmulgee county; and because the respondent William Burnett may obtain full, adequate, and complete relief by presenting objections to the jurisdiction of said court, the county court of Okmulgee

county, and by appeal therefrom in the event of an adverse decision.

In these circumstances, we are of the opinion that the writ of prohibition should be granted as prayed for, and that this court has jurisdiction to grant the same. This holding is fully sustained by the following authorities: State ex rel. Haskell, Governor, v. Huston, Judge, et al., 21 Okla. 782, 97 Pac. 982; Evans v. Willis, Co. Judge, 22 Okla. 310, 97 Pac, 1047; St. L. & S. F. R. Co. v. Love et al., 29 Okla. 523, 118 Pac. 259; Hirsh et al. v. Twyford et al., 40 Okla. 220. 139 Pac. 313; Osage & Okla. Co. v. Millard, 45 Okla. 334, 145 Pac. 797; Prairie Oil & Gas Co. v. Cruce, 45 Okla. 774, 147 Pac. 152; Cheyne et al. v. County Court of Craig County et al., 69 Oklahoma, 171 Pac. 19; Drummond v. Drummond et al., 49 Okla. 649, 154 Pac. 514; Wells v. Montcalm Circuit Judge (Mich.) 104 N. W. 318; People ex rel. Hudson v. Judge of Superior Court of Detroit (Mich.) 2 N. W. 919; Maclean v. Wayne Circuit Judge (Mich.) 18 N. W. 396; State ex rel. Merriam v. Ross, Judge, et al. (Mo.) 25 S. W. 947; Clark Co. Court et al. v. Warner (Ky. App.) 76 S. W. 828. In the case of State ex rel. Haskell, Gov., supra, this court said:

"Prohibition is the proper remedy where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it"

—which is supported by the authorities, supra.

It is ordered that the writ do issue as prayed for.

HARRISON, C. J., and PITCHFORD, KENNAMER, and NICHOLSON, JJ., concur.