## BAILEY v. JONES et al.

No. 14355—Opinion Filed Nov. 6, 1923.

(Syllabus.)

1. **Courts—Jurisdiction of County Court—Administration Proceeding — Transfer Upon Statehood.**

An administration proceeding pending in one of the United States courts of the Indian Territory at the time of the admission of the state in the union, was, by virtue of section 19 of the Enabling Act (34 Stat. at L.) and section 23 of the schedule of the Constitution, transferred to the county court of the county in which was located the court in which said proceeding was pending.

2. **Same—Effect of Subsequent Statute upon Venue.**

A county court to which had been transferred an administration proceeding that would have been properly triable in the court of another county, had such proceeding been instituted since the admission of the state, was not by reason of the act of the Legislature approved March 12, 1908 (Sess. Laws 1907-8, p. 212), ousted of jurisdiction of said proceeding where no application for a transfer thereof was ever made by any of the parties having a substantial interest therein.

3. **Same—Settlement of Full-blood Indians' Estate—Validity.**

Where a full-blood Chickasaw Indian died in 1904, in that part of the Indian Territory now embraced within the boundaries of Jefferson county, and her estate was being administered upon by the United States Court of the Southern District of the Indian Territory, sitting at Ardmore, and where

such proceeding was, by virtue of the Enabling Act and Schedule of the Constitution, transferred to the county court of Carter county, and no application to transfer said proceeding to the county court of Jefferson county was ever made, and where in 1910, a full-blood Indian heir of said deceased allottee executed a deed to her interest in the allotted lands of said deceased allottee, and said deed was duly approved by the county court of Carter county, held, that the county court of Carter county had jurisdiction of the settlement of the estate of such deceased allottee and was the proper court to approve said deed.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by Molsie Bailey against Claude Jones and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Sigler & Jackson, and G. G. McVay, for plaintiff in error.

R. L. Disney, Earl A. Brown, and Sam Butler, for defendants in error.

NICHOLSON, J. Josie Hawkins, a full-blood Chickasaw Indian, died on or about the 18th day of May, 1904, in that part of the Southern district of the Indian Territory now embraced within the boundaries of Jefferson county, Okla., leaving surviving her, as her heir at law, her sister, Molsie Bailey, the plaintiff in error.

On January 18, 1905, an administrator of the estate of Josie Hawkins, deceased, was duly appointed by the United States court in and for the Southern district of the Indian Territory sitting at Ardmore, and this proceeding was pending in said court upon the admission of the state into the Union. Afterwards, and on November 22, 1907, the district court of Carter county made an order transferring said cause to the county court of said county, where the same still remains undisposed of.

On March 4, 1904, there was duly allotted to and in the name of Josie Hawkins certain lands of the Chickasaw Nation, now within Carter county, and patent therefor was duly issued; on October 7, 1910, Molsie Hawkins, now Bailey, executed a warranty deed conveying said lands to Andy Hutchins, which deed was on said day duly approved by the county court of Carter county. In the year 1918, Betsy Neal, nee Hawkins, Sarah Alexander, nee Hawkins, and Molsie Lovings, nee Hawkins, brought suit against the defendants in error, in the district court of Carter county, to recover said lands. A trial of that action resulted in a judgment in favor of the defendants in error, quieting the title in them.

On January 30, 1922, this action in ejectment, and to quiet the title to said lands, was instituted by Molsie Bailey, the petition containing the usual allegations in actions of this character. The defendants answered pleading the deed from Molsie Hawkins to Andy Hutchins, and subsequent conveyances to them, and further pleading the judgment in the former action, as a bar to this action. A trial resulted in a judgment in favor of the defendants, from which the plaintiff has appealed.

The first contention made by plaintiff is that the deed to Andy Hutchins of date October 7, 1910, was void because it was not approved by the court having jurisdiction of the settlement of the estate of the deceased allottee. This presents the question of whether or not the county court of Carter county had jurisdiction to approve the deed.

In considering this question, it is well to review briefly the various constitutional and statutory provisions relating to jurisdiction in probate matters, for by these must be determined the question presented.

At the outset, it is observed that the jurisdiction of the United States court of the Southern district of the Indian Territory to appoint an administrator of the estate of the deceased allottee is not questioned, and that an administrator was duly appointed by said court, and such administration proceeding was pending therein upon the admission of the state into the Union, is admitted.

By the provisions of section 19 of the Enabling Act (34 Stat. at L. 227), the courts of original jurisdiction of the state were made successors of all courts of original jurisdiction in Oklahoma and Indian Territories, and, as such, were required to take and retain custody of all records, documents, journals, and files of such courts, and, by section 20 of said act it was provided that all causes, proceedings, and matters, civil or criminal, pending in the district courts of Oklahoma Territory, or in the United States courts in the Indian Territory, at the time said territories became a state, not transferred to the United States circuit or district courts of the state, should be proceeded with, heard, and determined by the courts of the state, the successors of the district courts of the territory of Oklahoma and the United States courts of the Indian Territory. These provisions of the Enabling Act were accepted by section 28 of the Schedule of the Constitution, and jurisdiction of the cases therein enumerated was thereby assumed by the courts of the state.

By the provisions of section 27 of such schedule, all cases, civil and criminal, pending at the time of the admission of the state into the Union, in the United States courts for the Indian Territory, within the limits of any county created in whole or in part within the limits of what was theretofore the Indian Territory, and all records, papers, and proceedings of said United States courts for the Indian Territory, together with the seal and other property appertaining thereto, were transferred to the district court of the state for such county, and the Legislature was authorized to provide for the transfer of all such cases from one county to another. Therefore, by virtue of these provisions, the jurisdiction of the matter of the estate of Josie Hawkins, deceased, was transferred to, and lodged in, the district court of Carter county, the successor of the United States Court for the Southern District of the Indian Territory sitting at Ardmore.

Section 23 of such schedule provided that the district court of any county, the successor of the United States courts for the Indian Territory, in each of the counties formed in whole or in part in the Indian Territory, should transfer to the county court of such county all matters, proceedings, records, books, papers, and documents appertaining to all causes or proceedings relating to estates, and provided, further that the Legislature might provide for the transfer of all of said matters and causes to another county than therein prescribed.

In compliance with this constitutional provision, the district court of Carter county, on November 22, 1907, made an order transferring said matter to the county court of said county, and all papers and documents pertaining thereto were lodged in said court, and thereby jurisdiction of said matter was vested in said court.

In keeping with the foregoing constitutional provisions, the Legislature of 1907-8 provided for the transfer of all such matters to the court or county which would have had jurisdiction had such suit or proceeding been commenced after the admission of the state into the Union. Sess. Laws 1907-8, p. 212.

Under the provisions of this act, a transfer might be effected by any person having a substantial interest in the matter filing in the court to which the cause or proceeding had been transferred by reason of such constitutional provisions a petition, verified by the affidavit of the applicant or his attorney of record, seeking such transfer within 60 days after the passage and approval of the act, and when such matter was so transferred the court to which such transfer was made was granted full and complete jurisdiction of such matter. This act did not make it mandatory on the person or persons interested to make application for a transfer; nor did it provide that the case or proceeding should be transferred without such application. It was merely permissive, and authorized a transfer if any person interested so desired, and it did not have the effect of ousting the court to which the proceeding had been transferred of jurisdiction where no application for a transfer was ever made. Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433.

No application was ever made to transfer the matter of the estate of Josie Hawkins from the county court of Carter county to the county court of Jefferson county, but the persons interested were content to permit jurisdiction to remain where it had been lodged by section 19 of the Enabling Act and section 23 of the Schedule of the Constitution.

The plaintiff contends that the county court of Jefferson county alone had jurisdiction to approve the deed to Hutchins, because the deceased allottee was a resident of, and died in that part of the Indian Territory now embraced within the boundaries of Jefferson county, and bases her contention upon that part of the provisions of section 1088, Comp. Stat. of 1921, which reads:

"Wills must be proved, and letters testamentary or of administration granted: First, in the county of which the decedent was a resident at the time of his death, in whatever place he may have died."

Had Josie Hawkins died after statehood intervened, a resident of Jefferson county, this statutory provision would have applied, and the county court of that county would have had jurisdiction to approve the deed, or if the proceeding in the matter of her estate had been transferred to the county court of that county in the manner provided by law, such court would have had jurisdiction of the settlement of her estate, and would have been authorized to approve the deed; but neither of these conditions existed.

The cases of Okla. Oil Co. v. Bartlett, 236 Fed. 488, Harris v. Bell, 250 Fed. 269. Barnett v. Kunkel, 259 Fed. 394, Harris v. Bell, 65 L. Ed. 159, Mullen v. Short, 38 Okla. 333, 133 Pac. 230, and Groom v. Dyer, 72 Oklahoma, 179 Pac. 12, cited and relied upon by the plaintiff, do not support her contention, for the reason that the situation here presented did not exist in either

of those cases. However, in Okla. Oil Co. v. Bartlett, supra, the court, after holding that the county court of McIntosh county alone had jurisdiction to approve the deed, because the deceased allottee was a resident of that county at the time of her death,' said:

"If a regular proceeding for the settlement of the estate of Chunna Gouge, deceased, had been instituted in the county of Hughes, alleging the facts necessary to give that court jurisdiction under the provisions of the Oklahoma statute; above referred to, and if the court had found such jurisdiction and proceeded with the administration, and if the approval of defendant's deed had followed such regular proceedings for the settlement of the estate, clearly it could not have been attacked collaterally. The determination of the conditions imposed by the act of Congress would then have been made in the manner provided by the statutes of Oklahoma by the county court having jurisdiction to make such determination, both by the laws and the provisions of the Constitution of said state."

By section 9 of the act of Congress of May 27, 1908 (33 Stat. at L. 312), it is provided:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee. * * *"

In discussing the foregoing provision, this court in Mullen v. Short, supra, said:

"Congress was not creating a court which should have jurisdiction over such estates. Such a court had been created by the Constitution and laws of the state. What Congress intended was to cast the duty of approval of the conveyance of full-blood Indians to their inherited lands upon courts which already had 'jurisdiction over the settlement of the estates of deceased allottees,' when administration was necessary."

By the provisions of the Enabling Act and Constitution above referred to, jurisdiction of the settlement of the estate of Josie Hawkins, the deceased allotee, was vested in a court created by the Constitution, viz., the county court of Carter county, and that court could be diverted of such jurisdiction only in the manner provided by law, and as such proceeding was not transferred from said court, it retained jurisdiction thereof (Eaves v. Mullen, supra) and was the proper court to approve the deed from the plaintiff to Hutchins, and said deed having been duly approved by said court, the requirements of section 9

of the act of Congress of May 27, 1908, were met, and such deed is valid.

The question of whether or not the county court of Jefferson county would have had jurisdiction to approve the deed had administration proceedings not been pending in Carter county is not presented, and we refrain from a discussion of this question.

Having determined that the conveyance from the plaintiff to Hutchins was valid, it becomes unnecessary to determine the other question presented.

The judgment of the trial court is affirmed.

McNEILL, V. C. J., and KENNAMER, COCHRAN, and MASON, JJ., concur.