Note.—See under (1) 4 C. J. pp. 853 § 2834; 859 § 2836; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R, C. L. Supp. p. 81. (2) 29 Cyc. p. 993; 20 R. C. L. p. 309; 3 R. C. L. Supp. p. 1054; 5 R. C. L. Supp. p. 1098. (3) 29 Cyc. pp. 883, 886, 898, 899, 901, 911, 918, 919; 20 R. C. L. p. 290; 3 R. C. L. Supp. p. 1051; 4 R. C. L. Supp. p. 1351; 5 R. C. L. Supp. p. 1096.

---

## HANKINS v. FARMERS & MERCHANTS BANK CO.

No. 17155—Opinion Filed March 2, 1926.

(Syllabus.)

1. **Appeal and Error—New Trial—Newly Discovered Evidence—Issue for Determination.**

Where a motion for a new trial is based upon the ground of newly discovered evidence, the sufficiency of the motion is the only question to be determined.

2. **Same—Insufficiency of Motion.**

Where a motion for a new trial, based upon the ground of newly discovered evidence, is not sworn to, is unsupported by affidavits, does not set forth the facts newly discovered or that the witness to be called will testify to the same, and no evidence is introduced on the hearing, the same is a nullity and presents nothing to this court for its consideration.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action between H. H. Hankins and Farmers & Merchants Bank Company. From the judgment, the former brings error. Dismissed.

Walter & Hilpirt, for plaintiff in error.

E. C. Patton, for defendant in error.

PER CURIAM. Judgment was rendered in this case on the 30th day of June, 1925. On the 21st day of July, 1925, a motion for a new trial was filed, and on the 8th day of October, 1925, was overruled, exceptions saved, and notice of appeal given.

The motion for a new trial is based on the ground of newly discovered evidence. It is not sworn to, is unsupported by affidavits, does not set forth the newly discovered facts, or that the witness Kelly would testify to the same, and no evidence was introduced upon the hearing in support of the motion.

Section 575, C. O. S. 1921, provides as follows:

"The application must be by motion, upon written grounds filed at the time of making the motion. The causes enumerated in subdivisions 2, 3, 7, and 9 of section 5033, must be sustained by affidavits, showing their truth, and may be controverted by affidavits."

In McCants v. Thompson, 27 Okla. 706, 115 Pac. 600, the court held that the motion must set forth names and residences of witnesses, what they would testify to, and be accompanied by affidavits, or reasons, for not producing same; must also show diligence.

And in a long line of decisions this holding has been adhered to. The motion for a new trial is a nullity and serves no purpose. It cannot be used to save the record on appeal, no motion for a new trial having been filed within three days after final order, as provided by statute. The only question to be determined on this appeal is the sufficiency of the motion for a new trial, and the motion failing to comply with the statute and the uniform holdings of this court, there is nothing before the court for its consideration. The appeal is dismissed.

Note.—See under (1) 4 C. J. p. 835 § 2817. (2) 3 C. J. p. 967 § 863; 29 Cyc. pp. 956, 960 (Anno).

---

## STATE ex rel. WESLEY, Adm'r, v. CARR, Judge, et al.

No. 17194—Opinion Filed March 2, 1926.

(Syllabus.)

1. **Courts—County Court—Exclusive Jurisdiction of Administration Proceeding Transferred Upon Statehood.**

An administration proceeding pending in one of the United States courts of the Indian Territory at the time of the admission of the state into the Union was, by virtue of section 19 of the Enabling Act (34 Stat. 277) and section 23 of the schedule to the Constitution, transferred to the county court of the county in which was located the court in which said proceeding was pending. The jurisdiction thus conferred upon such court is co-extensive with the state and, so long as such proceeding is pending therein, the jurisdiction of the county court of every other county to administer upon said estate is excluded.

2. **Same—Failure to Apply for Transfer to Another County.**

A county court, to which an administration

proceeding has been transferred by virtue of section 19 of the Enabling Act (34 Stat. 277) and section 23 of the schedule to the Constitution was not, by reason of the act of the Legislature approved March 12, 1908 (Sess. Laws 1907-08, p. 212), or by reason of section 1091, Comp. Stat. 1921, ousted of jurisdiction of such proceeding, where no application for a transfer of such proceeding was ever made, although such proceeding would have been properly triable in the court of another county had it been instituted since the admission of the state into the Union.

### 3. Prohibition—Office of Writ Against Inferior Court.

Prohibition is the proper remedy where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it. It is the remedy afforded to correct encroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law.

### 4. Same—Writ to Protect County Court's Exclusive Jurisdiction of Administration Proceeding.

Where the county court of one county has exclusive jurisdiction of the administration of an estate, the writ of prohibition will issue to prevent another county court from assuming jurisdiction to administer the same estate.

Original action by the State on relation of Elias Wesley, administrator, against T. G. Carr, Judge of the County Court of McCurtain County, and another, for a writ of prohibition. Writ allowed.

Lydick, McPherren & Wilson and M. E. Jordan, for relator.

T. G. Carr and F. R. Abbott, for respondents.

NICHOLSON, C. J. Betty Wesley, a resident of the Indian Territory, died in December, 1903, in that portion of said territory embraced within the Central judicial district and the Antlers division, and on the 1st day of February, 1905, the relator, Elias Wesley, the surviving husband of the deceased, was, by the United States court for the Central district of the Indian Territory, sitting at Antlers, duly appointed administrator of her estate, and duly qualified as such. This proceeding was pending in said court upon the admission of the state into the Union, and was, by virtue of section 19 of the Enabling Act (34 Stat. L. 277), transferred to the district court of Pushmataha county as the successor of the United States court for the Central district of the Indian Territory. On November 27, 1907, the district court of Pushmataha county duly transferred said proceeding to the county court of said county, where the same is still pending. On the 26th day of May, 1913, one Austin McGee, the father of Betty Wesley, deceased, filed in the county court of McCurtain county his petition for the appointment of himself as administrator of the estate of said Betty Wesley, deceased, and on June 2, 1913, letters of administration were, by said court, issued to him. Thereafter said Austin McGee died, and on February 9, 1926, the respondent, F. R. Abbott, filed in the county court of McCurtain county his petition for the appointment of himself as special administrator of said estate. Upon the hearing of this application, the relator appeared and contested said application on the ground that said court was without jurisdiction to administer said estate. The court overruled the objections and, on February 13, 1926, appointed said F. R. Abbott special administrator of said estate.

The relator is here seeking a writ of prohibition, prohibiting the respondents from proceeding with the administration of said estate.

The jurisdiction of the United States court for the Central district of the Indian Territory to appoint an administrator of the estate of said deceased is not questioned, and that an administrator was duly appointed by that court, and that such proceeding was pending therein upon the admission of the state into the Union is admitted: therefore said proceeding was, by virtue of section 19 of the Enabling Act (34 Stat. L. 277), lodged in the district court of Pushmataha county, as the successor of said United States court, and the order of November 27, 1907, transferring said proceeding to the county court of said county was made in compliance with section 23 of the Schedule to the Constitution; therefore, the county court of Pushmataha county was vested with complete jurisdiction of said proceeding. Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433; Burdett et al. v. Burdett et al., 26 Okla. 416, 109 Pac. 922; McHarry v. Eatman, 29 Okla. 46, 116 Pac. 935; State ex rel. v. Hazelwood, 81 Okla. 69, 196 Pac. 937; Baird v. England, 85 Okla. 276, 205 Pac. 1098; Wolf v. Gills, 96 Okla. 6, 219 Pac. 350; Bailey v. Jones et al., 96 Okla. 56, 220 Pac. 345; Burton v. Colley, 113 Okla. 265, 242 Pac. 185.

The jurisdiction thus conferred is co-extensive with the state, and so long as such proceeding is pending in such court, the jurisdiction of the county court of every other county to administer upon such estate is excluded. Burton v. Colley, supra. Hence, the county court of McCurtain county was

without jurisdiction to appoint an administrator in the first instance, and is now without jurisdiction to appoint a special administrator.

It matters not that Betty Wesley was a resident of, and died within, that portion of the Indian Territory now embraced within the borders of McCurtain county. The Legislature of 1907-08 provided for the transfer of all such matters to the court or county, which would have jurisdiction had such proceeding been commenced after the admission of the state into the Union. Sess. Laws 1907-08, p. 212. Under the provisions of this act a transfer of such proceedings to the county court of McCurtain county might have been effected by any person having a substantial interest in the matter, by filing in the county court of Pushmataha county, a petition, duly verified by affidavit of the applicant, or his attorney of record, seeking such transfer, within 60 days after the passage and approval of the act, but this act did not make it mandatory on the persons interested to make application for a transfer, nor did it provide that the proceedings should be transferred without such application. It was merely permissive, and authorized a transfer if any person interested so desired. It did not have the effect of ousting the court to which the proceeding had been transferred by virtue of the aforesaid constitutional provision, of jurisdiction, where, as in this case, no application for a transfer was ever made. Eaves v. Mullen supra; Bailey v. Jones, supra. And the same is true of section 1091, Comp. Stat. 1921. Section 1092, Comp. Stat. 1921, legalizing transfers already made, and which is relied upon by respondents, can have no application here, for no transfer was ever made or attempted to be made.

The fact that Elias Wesley, in May, 1913, filed a waiver, and requested the appointment of Austin McGee as administrator cannot aid the respondents. This act on his part did not oust the county court of Pushmataha county of jurisdiction; in fact, did not and could not in any manner affect that jurisdiction.

The respondents insist that the relator has an adequate remedy by appeal, and therefore prohibition will not lie.

Sections 1178, 1179, and 1180, Comp. Stat. 1921, provide, among other things, that when an administrator dies, or is suspended or removed, the judge of the county court must appoint a special administrator to collect and take charge of the estate of the decedent. Such appointment may be made without notice, and no appeal

from such appointment is allowed, so it will be seen that the relator is without remedy by appeal, but, irrespective of these statutory provisions, prohibition is the proper remedy where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it. State ex rel. v. Hazelwood, supra; State ex rel. Haskell v. Huston, 21 Okla. 782, 97 Pac. 982; Evans v. Willis, 22 Okla. 310, 97 Pac. 1047; St. Louis & S. F. Ry. Co. v. Love et al., 29 Okla. 523, 118 Pac. 259; Prairie Oil & Gas Co. v. Cruce, Governor, 45 Okla. 774, 147 Pac. 152; Tucker et al. v. District Court et al., 108 Okla. 198, 235 Pac. 610.

The writ of prohibition is the remedy afforded to correct encroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law.

"The object of the writ being to restrain subordinate judicial tribunals of every kind from exceeding their jurisdiction, its use in all proper cases should be upheld and encouraged, since it is of vital importance to the due administration of justice that every tribunal vested with judicial functions should be confined strictly to the exercise of those powers with which it has been by law entrusted." High's Extraordinary Legal Remedies (3rd Ed.) 706.

To deny the writ, and permit the parties to ignore the jurisdiction acquired by one court and vest jurisdiction in another court, would cause intolerable confusion. Two courts of concurrent jurisdiction cannot administer the estate at the same time; so long as the administration proceeding is pending in one county court, no other county court is at liberty to interfere with its jurisdiction.

The county court of Pushmataha county, having first acquired jurisdiction of the administration of the estate of Betty Wesley, deceased, retains exclusive jurisdiction thereof until divested of such jurisdiction in some manner provided by law, and the county court of McCurtain county, being without jurisdiction of such proceedings, will be prohibited from proceeding therein.

Let the writ issue.

All the Justices concur, except BRANSON, V. C. J., absent, and LESTER, J., not participating.

Note.—See under (1) 15 C. J. pp. 1004 § 418; 1136 § 583; 25 C. J. p. 985 § 363. (2) 15 C. J. p. 1004 § 418. (3) 32 Cyc. pp. 599, 604. (4) 32 Cyc. p. 607.